J-A05019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ET AL., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES L. FORTUNATO, SR., | |
| Appellant | No. 496 WDA 2016 |

Appeal from the Order Entered March 7, 2016
In the Court of Common Pleas of Armstrong County
Civil Division at No(s): 2010-00144

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and MOULTON, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED MAY 25, 2017**

Appellant, James L. Fortunato, Sr., appeals from the March 7, 2016 order granting summary judgment in favor of Appellee, U.S. Bank National Association, as Trustee, *et al*. ("U.S. Bank"), and denying Appellant's cross and supplemental motions for summary judgment in this *in rem* mortgage foreclosure action.  We affirm.

This appeal arises from a complaint in mortgage foreclosure filed by U.S. Bank against Appellant on January 22, 2010, in which it sought an *in rem* judgment regarding a parcel of real property located in Elderton Borough, Armstrong County, Pennsylvania.  On March 7, 2016, after more than six years of litigation, the trial court entered an order granting U.S. Bank's motion for summary judgment and denying Appellant's cross and supplemental motions for summary judgment.  We need not reiterate the

history of this case at length herein, as the trial court sufficiently set forth the relevant facts and procedural history in its memorandum accompanying the March 7, 2016 order. *See* Trial Court Memorandum ("TCM"), 3/7/16, at 1-7.

On April 4, 2016, Appellant filed a notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant now presents the following issues for our review:

1. Whether the trial court committed reversible error by assessing [Appellant's] credibility and his undisputed mental incapacity on summary judgment by holding that each of the multiple statements in [Appellant's] Answer to the Amended Complaint that he was without knowledge or information sufficient to form a belief as to the truth of U.S. Bank's allegation was not true and should be treated as an admission.

2. Whether the trial court committed reversible error in holding that the verification on the Amended Complaint was sufficient, notwithstanding that it was executed by a non-employee of U.S. Bank, without any explanation why the verification was made by a non-party, as required by Pa.R.C.P. [] 1024(c).

3. Whether the trial court committed reversible error in holding that [U.S. Bank] had standing to bring this mortgage foreclosure action.

4. Whether the [t]rial [c]ourt committed reversible error by failing to consider [Appellant's] request that additional discovery be compelled (or permitted).

Appellant's Brief at 4.

The Pa.R.A.P. 1925(a) opinion filed by the trial court states that it thoroughly addressed in its March 7, 2016 memorandum, all of the issues

- 2 -

raised by Appellant and the basis for its decision. **See** TCM at 7-29. We have reviewed the certified record, the briefs of the parties, the applicable law, and the thorough and well-crafted 29-page memorandum of The Honorable Kenneth G. Valasek, President Judge ("PJ") of the Court of Common Pleas of Armstrong County. We conclude that PJ Valasek's extensive, well-reasoned memorandum accurately disposes of the issues presented by Appellant on appeal and we discern no abuse of discretion or error of law. Accordingly, we adopt PJ Valasek's opinion as our own and affirm the March 7, 2016 order on that basis.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/25/2017

IN THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY, PENNSYLVANIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ) <br> AS TRUSTEE UNDER POOLING AND ) <br> SERVICING AGREEMENT DATED AS OF ) <br> MARCH 1, 2006 ASSET-BACKED ) <br> SECURITIES CORPORATION HOME ) <br> EQUITY LOAN TRUST, SERIES NC ) <br> 2006-HE2 ASSET-BACKED PASS- ) <br> THROUGH CERTIFICATES, SERIES NC ) <br> 2006-HE2, ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JAMES L. FORTUNATO, SR. ) <br> Defendant, ) | No. 2010-0144-CIVIL |

## MEMORANDUM

VALASEK, P.J.

Before the Court for disposition are the following motions: 1) Plaintiff U.S. Bank's ("U.S. Bank") Motion for Summary Judgment, filed on October 29, 2015; 2) Defendant James L. Fortunato, Sr.'s ("Fortunato") Cross-Motion for Summary Judgment, filed on December 11, 2015; and 3) Fortunato's "Supplemental Motion for Summary Judgment," filed on January 8, 2016. The Court heard argument on the several motions on January 29, 2016, during which counsel for both parties participated by telephone conference. The matters are now ripe for decision, and for the reasons that follow, we will grant U.S. Bank's motion, deny Fortunato's cross- and "supplemental" motions, and enter judgment in U.S. Bank's favor.

## I. RELEVANT FACTS AND PROCEDURAL HISTORY

The Court reviews the following material facts of record in the light most favorable to the non-moving party in each of the instant motions. This case has a protracted procedural history which, because of its relevance to the issues presented, the Court will review it in some detail.

U.S. Bank filed a complaint in mortgage foreclosure against Fortunato on January 22, 2010, in which it sought an *in rem* judgment regarding a parcel of real property located in Elderton Borough, Armstrong County, Pennsylvania. Fortunato filed preliminary objections to the complaint, after which U.S. Bank filed an amended complaint on June 8, 2010. In the amended complaint, U.S. Bank alleges that on January 9, 2006, Fortunato executed a mortgage in the principal amount of $80,750.00 (the "Mortgage"). The Mortgage is recorded and is attached to the amended complaint. The Mortgage recites both Fortunato and his wife Dorothy as borrowers, but the accompanying note recites only Fortunato as an obligee (the "Note"). Fortunato's signature appears on both documents. U.S. Bank alleges that Fortunato is in default because he ceased making monthly payments of principal and interest beginning July 1, 2009. U.S. Bank therefore seeks judgment for $90,697.39, which includes itemized amounts for unpaid principal, interest, escrow advances, and attorneys' fees.

2

In paragraph 3 of the amended complaint, U.S. Bank alleges that it is "the current owner of said mortgage." Both the Mortgage and Note list "New Century Mortgage Corporation" as the initial lender. The verification attached to the amended complaint is executed by Tracey O'Brien-Moore, who is Vice President for Barclays Capital Real Estate, Inc., dba HomEq Servicing. The verification states that HomEq Servicing "is the contractual servicing agent and attorney in fact for the Plaintiff in this matter." Ms. Moore represents that she is authorized to make the verification and does so subject to the penalties of perjury under 18 Pa. Cons. Stat. Ann. § 4904. There is no document attached to the amended complaint or any allegation contained therein that defines the contractual relationship between U.S. Bank and HomEq Servicing.

Fortunato filed preliminary objections to the amended complaint on June 25, 2015, in which he argued that 1) U.S. Bank failed to attach to its amended complaint the pooling agreement pursuant to which it allegedly had standing to bring suit, 2) U.S. Bank therefore lacks standing, 3) the verification attached to the amended complaint improperly is executed by someone other than a representative of U.S. Bank, and 4) certain necessary parties, including servicing agents and assignees of the Mortgage, were not joined in the action. Attached to the preliminary objections is a written verification signed by Fortunato.

3

Hearing and argument on the preliminary objections was scheduled and then continued several times. Fortunato also filed a motion to compel discovery, seeking responses to certain discovery requests regarding U.S. Bank's ownership of the Mortgage and the deposition of a corporate representative.[1]

In response to Fortunato's preliminary objections, U.S. Bank filed a brief in opposition, attached to which are 1) an assignment of the Mortgage from New Century Mortgage Corporation to DLJ Mortgage Capital, Inc., dated May 19, 2010, acknowledged August 11, 2010, and recorded August 17, 2010, and 2) an assignment of the Mortgage from DLJ Mortgage Capital, Inc. to U.S. Bank, National Association, As Trustee Under Pooling And Servicing Agreement Dated As of March 1, 2006 Asset-Backed Securities Corporation Home Equity Loan Trust, Series NC 2006-HE2 Asset-Backed Pass-Through Certificates, Series NC-2006-HE2, dated May 19, 2010, acknowledged August 6, 2010, and recorded on August 17, 2010. On February 28, 2011, the Court granted Fortunato's motion to compel discovery, in part, requiring U.S. Bank to both respond to the written discovery requests concerning its standing to bring suit and make available for deposition a corporate representative to testify with regard to its ownership of the Mortgage only.

After several continuances, hearing and argument on

---

[1] Fortunato's notice of deposition requested a video deposition of a representative of "US Trustee National Association," which presumably was intended as "U.S. Bank."

4

Fortunato's preliminary objections was set for October 28, 2011. On that date, neither Fortunato nor his counsel appeared, and the Court therefore dismissed the preliminary objections. Fortunato's counsel filed a petition for reconsideration, which the Court denied without prejudice to Fortunato to reassert any objections via answer, new matter, or dispositive motion. A default judgment was then entered against Fortunato for failure to answer the amended complaint, which judgment ultimately was vacated by the Court.

Fortunato filed his answer on December 1, 2011. In it, he responds that he is without knowledge sufficient to form a belief with regard to 1) whether he was a mortgagor under the Mortgage (Answer, ¶ 2), 2) whether he is the record owner of the property subject to the Mortgage (*Id.*), 3) whether he borrowed any funds under the Mortgage (*Id.*, ¶ 3), 4) whether U.S. Bank is the current owner of the Mortgage (*Id.*), 5) whether the subject property is in fact encumbered by the Mortgage (*Id.*, ¶ 4), and 6) whether U.S. Bank's calculations of outstanding unpaid principal, interest, and other costs are accurate. (*Id.*, ¶ 5). In new matter, Fortunato alleges that U.S. Bank does not have standing to file this action and also includes generally all affirmative defenses permitted by law. Attached to the answer is a written verification signed by Fortunato.

No substantive action was taken in the case for over three years, during which time it was dismissed for inactivity

and then reinstated at U.S. Bank's request. On October 29, 2015, U.S. Bank filed its motion for summary judgment, in which it argues that Fortunato effectively has admitted all material facts contained in the amended complaint and, therefore, judgment is appropriate. Attached to the motion is a copy of the original Note, signed by Fortunato, which also bears an indorsement to DLJ Capital Mortgage. Also attached is an allonge to the Note that assigns the right of payment from DLJ Capital Mortgage to U.S. Bank. (U.S. Bank MSJ., Ex. "A.").

Fortunato in response filed a cross-motion for summary judgment, in which he argues that, because the "trust agreement" pursuant to which U.S. Bank purports to be acting as trustee was not produced in discovery, U.S. Bank has no standing to bring suit. In response to Fortunato's document request no. 17 seeking production of the "trust agreement," U.S. Bank responded that "[n]o documents are in the possession of Plaintiff which are responsive to Request Number 17." (Def's MSJ., Ex. "1"). U.S. Bank's response to request no. 18, which seeks production of the pooling and servicing agreement pursuant to which U.S. Bank is acting as trustee, indicates that a copy of that agreement was produced. Fortunato does not deny this fact in the record.

On January 8, 2016, Fortunato filed a "supplemental" motion for summary judgment, in which he argues that 1) U.S.

6

Bank did not have standing to file this action because the assignments of the Mortgage were executed after U.S. Bank filed its original and amended complaints and were not attached thereto, and 2) the verification attached to the amended complaint improperly was verified by a representative of HomEq Servicing and not U.S. Bank. Fortunato's counsel contends that he has sought to depose Ms. Moore to determine whether she was the appropriate person to execute the verification, but U.S. Bank has not agreed to the deposition.

## II. DISCUSSION

### A. Standard of Review

The standard governing our review of a motion for summary judgment is well-settled and governed by Pa.R.C.P. 1035.2. We will grant a motion for summary judgment where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa.R.C.P. 1035.2(1). "Summary judgment will be entered only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law." *Jones v. SEPTA*, 772 A.2d 435, 438 (Pa. 2001) (citations omitted). Further, in deciding a motion for summary judgment, we "view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material

7

fact must be resolved against the moving party." *Id.* (citations omitted).

In opposing a motion for summary judgment, the adverse party "may not rest upon the mere allegations or denials of the pleadings." Pa.R.C.P. 1035.3(a). Instead, the nonmoving party "must adduce sufficient evidence on [all] issue[s] essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Ertel v. Patriot-News Co.*, 674 A.2d 1038, 1042 (1996), *cert. denied*, 519 U.S. 1008 (1996); *see also* Pa.R.C.P. 1035.2(2).

B. **Fortunato's Cross- and "Supplemental" Motions for Summary Judgment**

We will begin with Fortunato's cross- and "supplemental" motions for summary judgment because they challenge U.S. Bank's standing to bring this action and the validity of its pleadings.

1. **Standing**

Fortunato argues in his cross-motion that U.S. Bank cannot establish its standing to bring suit because it has not produced what he references as the "trust agreement" pursuant to which U.S. Bank is acting as trustee. Fortunato argues relatedly in his "supplemental motion" that, because the assignments

8

that purportedly convey the Mortgage to U.S. Bank were acknowledged and recorded after the filing of the amended complaint, they are ineffective and U.S. Bank's allegation of Mortgage ownership fraudulent.

In *U.S. Bank v. Mallory*, 982 A.2d 986 (Pa.Super. 2009), the Pennsylvania Superior Court considered whether a plaintiff bank bringing a foreclosure action had standing to bring suit despite the fact that no assignments of mortgage to the bank were mentioned in or attached to the complaint. In *Mallory*, a default judgment was entered against the defendant mortgagor, who sought to strike and/or open the default judgment based on the bank's alleged failure to establish standing. *Id.* at 988-89. The bank in *Mallory* filed a complaint in which it averred that it was the legal owner of the subject mortgage and was in the process of formalizing assignments to itself. *Id.* at 989. The bank averred all of the essential elements of its foreclosure action, namely, that the defendant had executed the mortgage, that it covered the subject property, and that the defendant was in default. *Id.* The pertinent assignment of mortgage was executed after the filing of the bank's complaint but before default judgment was entered. *Id.* at 992. It was recorded after the entry of default judgment. *Id.*

In affirming the trial court's refusal to open/strike the default judgment, the Superior Court concluded that no fatal defect appeared on the face of the bank's complaint because it

9

included averments 1) of the date and existence of the mortgage, 2) of the identity of original mortgage holder, 3) that the plaintiff bank was now the legal owner of the mortgage, and 4) that the assignment was in the process of being formalized. *Id.* at 993. Thus, the court concluded that the complaint sufficiently put the defendant on notice of its claims and that "Pa.R.C.P. 1147(a)(1) does not require that a party have a recorded assignment as a prerequisite to filing a complaint in mortgage foreclosure." *Id.*[2] The court further noted that the bank's averment that it was formalizing the assignment sufficiently explained why no written assignment was attached to the complaint pursuant to Pa. R. Civ. P. 1019. *Id.*

With regard to the bank's standing in particular, the court, citing Pa.R.C.P. 2002, noted that all actions must be brought by the real party in interest, who is the "person who will be entitled to benefits of action if successful" and who "has the legal right under the applicable substantive law to enforce the claim in question." *Id.* at 993-94 (citations omitted). The court went on to note that the bank had averred that it was the "legal owner" of the subject mortgage and that, prior

---

[2] Rule 1147 provides, in pertinent part, as follows:

(a) The plaintiff shall set forth in the complaint:

(1) The parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments.

Pa.R.C.P. 1147(a)(1).

10

to the entry of the default judgment, a written assignment was executed. *Id.* at 994. Accordingly, the court concluded that "the recording of an assignment of the mortgage was not a prerequisite to [the bank] having standing to seek enforcement of the mortgage via a mortgage foreclosure action." *Id.* at 994.

In *Wells Fargo Bank, N.A. v. Lupori*, 8 A.3d 919 (Pa.Super. 2010), the Superior Court addressed a situation similar to that in *Mallory*. Wells Fargo obtained a default judgment against the defendant mortgagors, and the subject property thereafter was sold at sheriff's sale. *Id.* at 920. In their petition to set aside the sale and strike the default judgment, the defendants argued that Wells Fargo had not established its standing to bring the action as the real party in interest. *Id.* at 920. The trial court denied their petition. On appeal, the defendants again argued that, at the time judgment was entered, the record included no evidence whatsoever that established Wells Fargo's standing. *Id.*

The mortgage in *Lupori* initially was executed in favor of First Franklin, A Division of National City Bank. *Id.* at 921. Wells Fargo alleged in the complaint that an assignment to First Franklin Financial Corporation had been executed and recorded, but the complaint did not refer to any additional assignments. *Id.* Nowhere in the body of the complaint did Wells Fargo identify itself as the owner of the mortgage or detail how the mortgage came to be assigned to it. *Id.* The Superior Court

11

reversed the trial court's decision, concluding that *Mallory* was distinguishable given the fact that Wells Fargo had not alleged that it was the owner of the mortgage or identified the existence of an assignment of the mortgage to itself. *Id.* at 922. The court further noted that the purported assignment from First Franklin Corporation to Wells Fargo, which *predated* the assignment from First Franklin (National City) to First Franklin Financial Corporation, was *dehors* the record at the time judgment was entered. *Id.*

More recently, in *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa.Super. 2013), the plaintiff bank, Deutsche Bank National Trust Co., as Trustee for Washington Mutual Mortgage Securities Corp. 2000-1 ("Deutsche Bank"), filed a mortgage foreclosure action in which it referenced two assignments from the original mortgagee to itself, one of which was dated and recorded prior to the filing of the foreclosure action and one, to Deutsche Bank, that was "in the process of being formalized." *Id.* at 1259. Deutsche Bank also alleged that it was "either the original Mortgagee named in the Mortgage, the legal successor in interest or the original Mortgagee, or . . . the present holder of the Mortgage by virtue of the above-described assignments." *Id.* It attached a copy of the original note signed by the mortgagors, which did not bear any indorsements or include any allonge assigning the right of payment to Deutsche Bank. *Id.*

The defendant mortgagor filed preliminary objections

12

to the complaint, challenging Deutsche Bank's standing to bring the action and the verification appended to the complaint. *Id.* at 1260. The trial court overruled the preliminary objections. *Id.* After discovery, Chase Bank, who initially was referenced as Deutsche Bank's agent and eventually was substituted as plaintiff, filed a motion for summary judgment. *Id.* at 1258 & n. 1. The trial court granted the motion. *Id.* at 1260.

On appeal, with regard to Chase's standing to continue the action and secure summary judgment in its favor, the Superior Court concluded that the central issue was whether, at the summary judgment stage, Chase had established its standing to seek judgment on the foreclosure claim. *Id.* at 1263. The court distinguished *Mallory* on this basis, noting that *Mallory* held only that a foreclosure plaintiff may establish its *prima facie* case by averring that it owns, or has been assigned, the mortgage at issue. *Id.* The court went on to note that, in any action based on a contract, the plaintiff bringing suit must plead and prove its right to sue under the contract, particularly where it is a stranger to the original contract. *Id.* In that vein, the court concluded that the original note associated with the mortgage was a negotiable instrument subject to the Pennsylvania Uniform Commercial Code, 13 Pa.C.S.A. § 3104 ("PUCC"), and therefore would be payable to its bearer if the conditions of section 3109(a) of the PUCC were met. *See* 13

13

Pa.C.S.A. § 3109(a).[3] Accordingly, the court in *Murray* concluded that the defendant's various other challenges to the chain of assignments of the mortgage and note were immaterial because the original note would be enforceable by Chase if it possessed it at the time of the entry of judgment. *Id.* at 1266.

The court went on to conclude, however, that Chase's possession of the original note was in dispute, thus precluding entry of summary judgment in its favor. *Id.* Chase did not produce a copy of the original note, together with an allonge indorsed in blank by the original mortgagee and a supporting affidavit, until after summary judgment was entered by the trial court. *Id.* The original note and allonge also were never presented to the trial court for inspection. *Id.* at 1267. The Superior Court thus concluded as follows:

> For the foregoing reasons, the trial court erred in entering summary judgment in favor of Appellees. Appellee has failed to establish possession of the original Note, indorsed in blank, and therefore has failed to establish that it or any of its putative predecessor holders of the Note have or had the right to maintain an action in foreclosure upon Murray's alleged default of his obligations under the Note. The parties disagree as to whether the Note produced for Murray's inspection in fact was the original Note, and, if so,

---

[3] Section 3109(a) provides that a note is payable to its bearer if it:

> (1) states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;

> (2) does not state a payee; or

> (3) states that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.

13 Pa.C.S.A. § 3109(a).

14

whether the loose allonge also provided for Murray's inspection was, itself, an original, and in fact purported to indorse the original Note in blank. This presents a genuine issue of material fact that, absent further discovery sufficient to resolve the conflict as a matter of law (upon whatever basis might apply), must be resolved by a fact-finder following the presentation of the available documentary and testimonial evidence. Accordingly, we reverse the trial court's entry of summary judgment in favor of Appellee and remand for further proceedings. We emphasize that our ruling is without prejudice to Appellee's right to seek summary judgment following further development of the record.

*Id.* at 1268-69.

In the instant case, Fortunato challenges U.S. Bank's standing based on (1) its inability to produce the "trust agreement" pursuant to which it is acting as trustee, (2) the failure to attach any assignments to its amended complaint, and (3) the fact that both assignments in the chain of possession were acknowledged and recorded after the filing of the original and amended complaints. Based on the case law discussed above, we find all of these arguments to be without merit.

First, there is no indication in the record that the "trust agreement" requested by Fortunato actually exists. Although he requested the agreement in his document requests to U.S. Bank, there is no indication in the record that this is the agreement pursuant to which U.S. Bank is acting as trustee. Instead, the caption of the case indicates that U.S. Bank is acting as trustee pursuant to a "pooling and servicing agreement." U.S. Bank's discovery responses indicate that the pooling and

15

servicing agreement was produced to Fortunato, and he has not disputed that fact anywhere in the record. The Court therefore concludes that the failure of U.S. Bank to produce a "trust agreement" does not preclude its standing to bring this foreclosure action.

With regard to the two assignments at issue, we agree with Fortunato that they were neither attached to nor referenced in the amended complaint, which was filed on June 8, 2010. The assignments both are dated May 19, 2010, prior to the filing of the amended complaint. They were acknowledged and recorded in August 2010, more than 5 years before U.S. Bank filed its motion for summary judgment. In the amended complaint, U.S. Bank alleges that it is the legal owner of the mortgage, which allegation was not fraudulent or dishonest on its face. The assignments themselves were not acknowledged or recorded as of the date of the filing of the amended complaint, so any reference to them would have been inappropriate. Because, under *Mallory*, executed assignments to the plaintiff are not a prerequisite to the filing of a complaint in mortgage foreclosure, and, more importantly, because otherwise valid and enforceable assignments were executed and recorded long before U.S. Bank sought judgment,[4] the Court concludes that the absence of the assignments

---

[4] Both assignments were first included in the record as attachments to U.S. Bank's response in opposition to Fortunato's preliminary objections. Thus, Fortunato has had actual notice of the assignments' existence since February 11, 2011.

16

from the original and amended complaints is not, in and of itself, fatal to U.S. Bank's standing to bring this foreclosure action.

This case is distinguishable from *Lupori* in that 1) the plaintiff in *Lupori* did not allege in its complaint that it was the legal owner of the mortgage, and 2) the assignment later referenced by the bank in *Lupori* was not in the record as of the date judgment was entered. Here, U.S. Bank alleged in its original and amended complaints that it is the owner of the Mortgage. It also is noteworthy that U.S. Bank alleged in paragraph 3 of its original complaint that an assignment evidencing its ownership of the Mortgage would be forthcoming. Thus, direct evidence of U.S. Bank's ownership of the Mortgage, the substance of which Fortunato has not challenged, has been in the record for several years. There is no indication that U.S. Bank's complaints were in any way fraudulent or falsified in that respect, and for that reason, the Court concludes that the assignments conclusively show that U.S. Bank has standing to seek judgment in this action.

Finally, with regard to U.S. Bank's holding of the Note, the copy of the Note attached to the amended complaint, which is stamped as a certified copy of the original and which bears Fortunato's signature, does not contain any special or blank indorsements. Attached to U.S. Bank's motion for summary

17

judgment, however, is a copy of the original Note which includes, under Fortunato's signature, a special indorsement from a representative of New Century Mortgage Corporation to DLJ Mortgage Capital, Inc. Following is an allonge signed by a representative of DLJ Mortgage Capital, Inc. that purports to assign the right of payment under the Note to U.S. Bank. The allonge references Fortunato and the mortgaged property, but the loan number together with certain other items of identifying information have been redacted.

Although U.S. Bank argues that it is in possession of the original Note with the accompanying indorsement and allonge, the original has not been made available to the Court for inspection. Nevertheless, Fortunato nowhere in his pleadings, briefs, or any other part of the record has substantively challenged the validity of the specially-indorsed Note and accompanying allonge. Without some evidence that these documents are invalid, the Court concludes that U.S. Bank has established on this additional ground that it has standing to bring this foreclosure action and obtain judgment.

2. **Verification**

Fortunato challenges the verification appended to U.S. Bank's amended complaint, arguing that it does not comply with the requirements of Pa. R. Civ. P. 1024 because it is not executed by a U.S. Bank representative. He also argues that there are no facts pled in the amended complaint or documents attached

18

thereto establishing any relationship between U.S. Bank and Barclays Capital Real Estate, Inc., dba HomEq Servicing. Fortunato initially asserted this challenge in his preliminary objections to the amended complaint, which were dismissed for failure of either Fortunato or his counsel to attend the scheduled argument. In his Answer and New Matter/Affirmative Claims, Fortunato includes a single allegation with regard to U.S. Bank's verification. In paragraph 11, he alleges that, "based upon information and belief, the Plaintiff who verified the complaint has not conducted any due diligence to ensure that the facts as stated are true and correct." (New Matter, ¶ 11). He further includes a catch-all allegation purporting to assert "all affirmative defenses permitted by law . . . ." (Id., ¶ 13).

The Court indicated in its order denying Fortunato's petition for reconsideration of the Court's dismissal of his preliminary objections that Fortunato was free to raise again by way of answer, new matter, or dispositive motion any of the issues raised in his preliminary objections. Although the allegation in paragraph 11 of Fortunato's new matter indeed is cursory, we find that it sufficiently puts at issue the validity of the verification to warrant the Court's consideration on the merits.

In *Murray*, discussed *supra*, the Court addressed a similar circumstance where the person verifying the plaintiff

19

492A

bank's complaint was a representative of another entity, purportedly the plaintiff's "trustee." *See Murray*, 63 A.3d at 1269-70. The relationship between the plaintiff and the trustee was not identified anywhere in the complaint or the verification itself. *Id.* Accordingly, the Superior Court in *Murray* concluded that, because the verification was made by someone other than the plaintiff in the action, the requirements of Pa.R.C.P. 1024(c) had to be satisfied. That subsection provides as follows:

> (c) The verification shall be made by one or more of the parties filing the pleading unless all the parties (1) lack sufficient knowledge or information, or (2) are outside the jurisdiction of the court and the verification of none of them can be obtained within the time allowed for filing the pleading. In such cases, the verification may be made by any person having sufficient knowledge or information and belief and shall set forth the source of the person's information as to matters not stated upon his or her own knowledge and the reason why the verification is not made by a party.

Pa.R.C.P. 1024(c). The court in *Murray* held that the verification appended to the plaintiff's complaint did not satisfy Rule 1024(c)'s requirements because it did not outline the relationship between the "trustee" and the plaintiff and because it was signed by a non-party entity "on behalf of" the plaintiff. *Id.* at 1271.

In the instant case, the verification attached to the amended complaint is executed by Tracey O'Brien-Moore, who is vice president of Barclays Capital Real Estate, Inc., dba HomEq

20

Servicing. In the verification, Ms. O'Brien-Moore verifies that HomEq Servicing is the "contractual servicing agent and attorney in fact for the Plaintiff in this matter," that "she is authorized to take [sic] this Verification," and that the statements made in the amended complaint are "true and correct to the best of [] her knowledge, information and belief." Although the verification technically may not comply with the requirements of Rule 1024(c) in that it does not directly state "why the verification is not made by a party" or that U.S. Bank is outside the jurisdiction of the court and no representatives of U.S. Bank could be timely obtained, we conclude that the verification nonetheless works no prejudice to Fortunato in his ability to defend this action, which is now more than six years stale.

Further, and contrary to Fortunato's contentions, the record does in fact contain documentation tending to support Ms. O'Brien-Moore's verified statements that HomEq Servicing is the servicing agent and attorney-in-fact of U.S. Bank and, thus, the appropriate party to verify the facts alleged in the amended complaint. A close review of the Act 91 notifications sent to Fortunato prior to the initiation of this action reveals that HomEq Servicing served the notifications and was the entity to whom questions and payments were to be directed. HomEq Servicing also is identified as the current lender and/or servicer of the Mortgage throughout the notifications, all of which predate the filing of both the original and amended complaints. Thus,

21

there is clear evidence that HomEq Servicing is the appropriate authorized representative of U.S. Bank and that Ms. O'Brien-Moore did, in fact, have personal knowledge of the facts alleged in the amended complaint at the time she executed the verification.

The Court does not herein disregard the principles that properly-verified pleadings are required by the Rules of Civil Procedure and that without a proper verification "a pleading is mere narration and amounts to nothing." *Atlantic Credit & Finance, Inc. v. Giuliana*, 829 A.2d 340, 344 (Pa. Super. 2003). However, we do not find the instant verification to be either lacking all material requirements of Rule 1024(c) or so deficient in conformity to the rule that U.S. Bank's amended complaint must be dismissed or further discovery conducted. *See Murray*, 63 A.3d at 1271-72. Indeed, the Rules of Civil Procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action . . . may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126. Moreover, a complaint's verification "is necessary to defend a party against spurious allegations; it must not be transferred into an offensive weapon designed to strike down an otherwise valid petition." *Monroe Contract Corp. v. Harrison Square, Inc.*, 405 A.2d 954, 958 (Pa.Super. 1979).

22

In sum, we find the verification attached to U.S. Bank's amended complaint to be substantially compliant with Rule 1024. Any technical nonconformities have not prejudiced Fortunato's ability to answer the amended complaint and otherwise litigate this case now for several years. For that reason, neither amendment nor further discovery regarding the verification is necessary, and U.S. Bank may proceed to seek judgment on its foreclosure claim.

## C. U.S. Bank's Motion for Summary Judgment

Having concluded that U.S. Bank has both established its standing to bring suit and filed a valid pleading initiating this action, we turn now to its motion for summary judgment. U.S. Bank argues that summary judgment is appropriate because Fortunato effectively has admitted all of the material allegations of the amended complaint, which warrants entry of judgment as a matter of law. The Court agrees.

U.S. Bank's motion turns heavily on the legal effect of Fortunato's responses to the allegations in the amended complaint. The Court therefore will first review both the general responsive pleading standards established by the Rules of Civil Procedure and the more specific responsive pleading requirements in mortgage foreclosure actions. Rule 1029(b) of the Pennsylvania Rules of Civil Procedure provides as follows:

> Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a

23

demand for proof, except as provided by subdivisions (c) and (e) of this rule, shall have the effect of an admission.

Pa.R.C.P. 1029(b). Where the responding party is without knowledge or information sufficient to form a belief as to the truth of a particular averment, a response to that effect generally will be deemed a denial. Pa.R.C.P. 1029(c). However, where it is clear that the responding party must know whether a particular averment is true or false, the party may not rely on Rule 1029(c). See Id., note (citing Cercone v. Cercone, 386 A.2d 1 (Pa.Super. 1978) ("Reliance on subdivision (c) does not excuse a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false."). A response of this sort by a party who, as a matter of course, would have knowledge sufficient to respond, will operate as an admission. Cercone, 386 A.2d at 4-5.

Pennsylvania courts have applied these general pleading standards to preclude defendants in foreclosure actions from pleading that they are without knowledge of facts such as the amount of principal and interest that remain due. See, e.g., First Wisconsin Trust Co. v. Strausser, 653 A.2d 688, 692 (Pa.Super. 1995); New York Guardian Mortgage Corp. v. Deitzel, 524 A.2d 951, 952 (Pa.Super. 1987). Other than the mortgagee itself, the mortgagors are the only other individuals who would

24

have sufficient knowledge to respond specifically to these kinds of allegations. *Deitzel,* 524 A.2d at 952. Further, general denials that a mortgage is in default or that the mortgagee applied the correct interest rate will be deemed admissions pursuant to Pa.R.C.P. 1029(b). *See,* e.g., *U.S. Bank v. Cox,* 11 Pa. D. & C.5th 179 (Pa. Comm. Pl., Montgomery Cty. 2010); *Citimortgage, Inc. v. Nightingale,* 6 Pa. D. &.C.5th 375 (Pa. Comm. Pl., Lancaster Cty. 2008).

However, in mortgage foreclosure cases specifically, denials under Rule 1029(c) may operate as specific denials where the averring party produces in the record evidence that he or she was, in fact, without knowledge of the facts surrounding the mortgage because such information could not be obtained. *See U.S. Bank, N.A. v. Pautenis,* 118 A.3d 386, 397 (Pa.Super. 2015). Such evidence could be provided to the trial court either in response to a motion for summary judgment or at trial. *Id.*

The basic pleading requirements for a mortgage foreclosure action are set forth in Pa.R.C.P. 1147. The rule provides that a plaintiff must set forth in the complaint the following items:

(1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;

(2) a description of the land subject to the mortgage;

(3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if the real owner is not made a party;

25

(4) a specific averment of default;

(5) an itemized statement of the amount due; and

(6) a demand for judgment for the amount due.

Pa.R.C.P. 1147(a). U.S. Bank's amended complaint contains these basic elements, and Fortunato does not dispute that fact. Instead, in his answer, Fortunato either generally denies or alleges that he is without sufficient information to admit or deny the following allegations: 1) that a mortgage encumbering the subject property was executed on January 9, 2006, 2) that he is the owner of the subject property, 3) that he and his wife are the mortgagors, 4) that, on the date of execution of the Mortgage, he borrowed $80,750.00 from the original lender, 5) that the Mortgage is in default, 6) that a total of $90,697.39 was due and owing at the time the amended complaint was filed, and 7) that the appropriate Act 91 notices were sent to him prior to the initiation of the action.

Fortunato has not included in the record any evidence that he does not, in fact, have the information necessary to specifically deny any of these allegations, most of which are readily established on the face of the record. He has not argued that, after substantial discovery, U.S. Bank has failed to provide him with statements, balance sheets, amortization schedules, or other documents that would permit him to evaluate and admit, deny, or otherwise challenge the allegations of fact in

26

499A

the amended complaint. Although Fortunato contends in his brief that he is not in possession of the original loan documents and has not received adequate documentation from U.S. Bank, *see* Def's Brief in Opp., p. 4, the record belies that notion. Fortunato cites to paragraph 6 of his answer, but that paragraph is an express admission that "no judgment has been entered upon said Mortgage in any jurisdiction" and does not relate to possession of the original loan documents. (Am. Compl., Answer, ¶¶ 6).

Further, although Fortunato attaches to his brief a copy of U.S. Bank's responses to counsel's discovery requests, those responses indicate that substantial documentation of the outstanding principal and interest was provided to Fortunato's counsel almost 5 years ago. (Def's Brief in Opp., Ex. "1," ¶ 14). The only discovery disputes that Fortunato's counsel highlights throughout the record are 1) U.S. Bank's failure to produce a copy of a "trust agreement," and 2) counsel's rebuffed request to take a deposition regarding the verification of the amended complaint, both of which the Court has addressed *supra*.

Fortunato's counsel submitted to the Court a verified statement purportedly written by Fortunato in which he states that he has a learning disability, is disabled, and has "difficulty understanding documents such as a loan or mortgage and some of the documents filed in this lawsuit." (Verified Statement, ¶¶ 3-5). He also states that, "when my lawyer answered

27

the complaint for some paragraphs indicating that I did not know the answer to the questions, I really just don't know the answers to these matters." (*Id.*, ¶ 7). Counsel argues that these statements, the likes of which appear nowhere in Fortunato's answer to the amended complaint, preclude the Court from deeming admitted Fortunato's responses. The Court disagrees. Although counsel argues at length that further discovery is required on several issues and that Fortunato denied that the Act 91 notices were sent by certified mail, he has not, now after more than six years of litigation, proffered any evidence suggesting that further discovery will do anything more than perpetuate delay. He also has not included in the record any *evidence* that the Act 91 notices were not duly received by him.

Lastly, counsel attempts to manufacture a disputed issue of fact by challenging the authenticity of Fortunato's signature on the original loan documents. This issue was raised for the first time in response to U.S. Bank's motion for summary judgment, was not pled in Fortunato's answer and new matter, and is not currently substantiated by any evidence in the record. Thus, it does not create any *genuine* issue of disputed fact that would preclude summary judgment.

In sum, we find that Fortunato has effectively admitted all material allegations of U.S. Bank's amended complaint, and therefore there remain no genuine issues of material fact on its foreclosure claim.

28

## III. CONCLUSION

For all of the above reasons, we will grant U.S. Bank's motion for summary judgment and deny Fortunato's cross- and "supplemental" motions for summary judgment.

An appropriate Order will be entered.